STATE OF MAINE

SUPERIOR COURT
-)ATH - :7tG - Ia ? 20'1

Sagadahoc, ss.

MATTHEW SIVRET et al.

Plaintiff

v.

Docket No. BATSC-cv-11-006

PINE TREE WASTE, INC.

Defendant

## ORDER

This civil action came before the court for hearing on Plaintiff's Motion to Enforce Defendant's Compliance with Rule 16B for Attendance at ADR. Attorneys Mancini and Hoy appeared for Plaintiffs and Defendant respectively. The hearing was not recorded.

Plaintiffs' Motion seeks an order compelling the insurance adjuster assigned to this case on behalf of the Defendant's liability insurance carrier "to attend mediation and participate in the process in person and in good faith."

The alternative dispute resolution (ADR) rule applicable to this civil action requires that certain persons attend an ADR event in person, unless excused from in-person attendance by the neutral conducting the ADR event "for good cause shown." M.R. Civ. P. 16B(f)(1),(3). The basic requirement appears in the phrase "Conference attendees *shall* include . . ." *Id.* 16B(f). Persons whose in-person attendance may be required by the neutral include "[a]n adjuster for any insurance company providing coverage potentially applicable to the case . . ." *Id.* 16B(f)(1)(iv).[1]

---

[1] As was noted by attorney Hoy, the Rule 16B provision for sanctions applies only if "a party or a party's lawyer" fails to comply with any requirement of the rule, and does not specifically permit sanctions resulting from an adjuster's failure to comply. *Id.* 16B(l). Even if an insurer were not directly liable to be sanctioned by the court, as the rule admittedly suggests, the insurer risks being deemed in breach of its duty to defend if its adjuster's unexcused absence from an ADR event resulted in a sanction against its insured under the rule. In any event, the full extent of the court's authority to impose sanctions against a party for an adjuster's unexcused failure to attend an ADR event need not be decided here. Also, for an insurer to fail to meet its obligations of good faith to have its adjusters participate as required under Rule 16B could be found to be an unfair claims practice that could subject the insurer to sanctions by the Superintendent of the Maine Bureau of Insurance. *See* 24-A M.R.S. § 2164-D.

1

For present purposes, the rule calls for an assigned insurance adjuster to attend in person unless excused from doing so by the ADR neutral "for good cause shown."

At the hearing on Plaintiffs' motion, attorney Mancini clarified that the Plaintiffs are not asking the court to order the adjuster to attend in-person even if the ADR neutral affirmatively determines there is "good cause" to excuse the adjuster from attending in person. Plaintiffs acknowledge that for the court to do so, at least at this stage, would be an intrusion on the neutral's discretion, within the limits of Rule 16B, regarding the ADR process. Instead, Plaintiffs seek to have the court confirm the requirement that the adjuster must attend in person unless specifically excused by the ADR neutral for good cause.

The court fully agrees with the Plaintiffs' interpretation of the rule. The presumption that the rule establishes—parties, counsel, adjusters and perhaps others will attend in person absent good cause—is to assure a meaningful ADR process. By including insurance adjusters in the group of "conference attendees" whose attendance is required unless excused, the rule plainly acknowledges the reality that it often is as important or even more important for the adjuster to be an active and physically present participant, as it is for the insured.

In conclusion, under Rule 16B, the ADR neutral selected by the parties has the discretion to excuse the Defendant's insurer's assigned adjuster from attendance in person for good cause shown. If not excused, the adjuster is required to attend in person.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated December 9, 2011

A. M. Horton
Justice, Superior Court

2